UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| EBONY D. WALKER, | Case No. 3:15-cv-136 |
| Plaintiff, | |
| vs. | |
| MEGAN KELLY JOYCE, *et. al.*, | District Judge Walter H. Rice |
| | Magistrate Judge Michael J. Newman |
| Defendants. | |

**REPORT AND RECOMMENDATION[1] THAT PLAINTIFF'S REQUEST FOR AN ENTRY OF DEFAULT (DOC. 7) BE DENIED**

\*\*\*\*

**ORDER DIRECTING *PRO SE* PLAINTIFF TO FILE AN AMENDED COMPLAINT ON OR BEFORE AUGUST 11, 2015**

This case is before the Court on *pro se* Plaintiff's motion for a default judgment, which the Court liberally construes as a request for an entry of default under Fed. R. Civ. P. 55(a). Doc. 7; *see, e.g.*, *Powell v. Ohio*, No. 2:07cv754, 2007 WL 3113329, at *2 (S.D. Ohio Oct. 22, 2007) ("[i]n order to obtain a default judgment . . . there must first be an entry of default as provided by Rule 55(a)") (internal citations omitted).

**I.**

On April 15, 2015, *pro se* Plaintiff initiated this 42 U.S.C. § 1983 action against Defendants Montgomery County Children Services ("MCCS"), MCCS caseworker Megan Kelly Joyce, and MCCS supervisor Kathy Hatton by filing a motion to proceed *in forma pauperis* ("IFP"). Doc. 1. After conducting an initial review pursuant to 28 U.S.C. § 1915(e)(2), the

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Court ordered the United States Marshal to make service of process under Fed. R. Civ. P. 4(c)(3). Doc. 3. The Court's docket reflects that summonses were returned as "executed" on all three Defendants, indicating that all Defendants were served on May 19, 2015 -- thereby establishing an answer date of June 9, 2015. Doc. 5. On June 15, 2015, recognizing that no Defendant had answered or otherwise defended this case, the Court directed Plaintiff to seek an entry of default (doc. 6), and Plaintiff timely did (doc. 7).

## II.

Under Fed. R. Civ. P. 55(a), "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default." However, "there must be effective service of process on a defendant before an entry of default can be made . . . [because] without proper service of process, the district court is without jurisdiction" to so act. *Sandoval v. Bluegrass Reg'l Mental Health–Mental Retardation Bd.,* No. 99-5018, 2000 WL 1257040, at *5 (6th Cir. 2000) (citing 10A Wright, Miller & Kane, Fed. Prac. & Proc. Civ. 3d § 2682). When service of process is at issue, it is "proper for the court[,] rather than the clerk[,] to consider" a request for an entry of default. *Id.*

Here, despite the signed return (doc. 5), service was not effective as to any of the Defendants. Under Rule 4, service can be made by: delivering a copy of the summons and complaint to the individual personally; leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; delivering a copy of each to an agent authorized by appointment or law to receive service of process; or according to Ohio law. Fed. R. Civ. P. 4(e). Plaintiff requested that all three Defendants be served at MCCS, *i.e.,* 3304 North Main Street Dayton, Ohio 45405. Doc. 5. The return of service shows that United States Marshal Kathleen Ann Giffin left copies of the summons and

2

complaint -- for all Defendants -- with Chenea Taylor, receptionist at MCCS. *Id.* Giffin also checked a box on the return of service form saying that she left copies with a "person of suitable age and discretion then residing in defendant's usual place of abode." *Id.*

As to Defendants Joyce and Hatton, MCCS -- though allegedly their place of employment -- is not their "dwelling or usual place of abode" under Rule 4(e). *McGee v. Schoolcraft Cmty. Coll.,* 167 F. App'x 429, 434 (6th Cir. 2006). Nor does Ohio law permit service by leaving copies of the complaint and summons at an individual's workplace. *See* Ohio R. Civ. P. 4.1. Accordingly, Joyce and Hatton were not properly served when Giffin left copies of each with the MCCS receptionist.

Defendant MCCS was not properly served because the MCCS receptionist is neither "the officer responsible for the administration of the office [or] agency" nor the prosecuting attorney of Montgomery County. *See* Ohio R. Civ. P. 4.2(L) (defining how service of process on a county agency shall be made). Further, upon review, the undersigned finds that Plaintiff has not named the proper entity because MCCS is not *sui juris* and therefore lacks the capacity to be sued. *McGuire v. Ameritech Servs., Inc.,* 253 F. Supp. 2d 988, 1015 (S.D. Ohio 2003); *Lowe v. Hamilton Cnty. Dep't of Job & Family Servs.,* No. 1:05CV117, 2008 WL 816669, at *2 (S.D. Ohio Mar. 26, 2008); *MacConnell v. Naphcare*, No. 3:13cv00034, 2013 WL 5181799, at *2 (S.D. Ohio Sept. 12, 2013). Instead, under Ohio law, county agencies are held accountable through the county's elected representatives, *i.e.,* the county commissioners. *See McGuire*, 253 F. Supp. 2d at 1015; *see also* Fed. R. Civ. P. 17(b).

### III.

Because none of the Defendants have been properly served, the Court **RECOMMENDS** that Plaintiff's request for an entry of default (doc. 7) be **DENIED**.

In addition to the foregoing recommendation, the undersigned **ORDERS** pro se Plaintiff to file an amended complaint -- **on or before August 11, 2015** -- naming the proper entity as a defendant; indicating whether Defendants Joyce and Hatton are being sued in their individual or official capacities; and setting forth facts plausibly showing a right to recovery from Defendants. *See Ogle v. Columbia Gas Transmission, LLC*, 513 F. App'x 520, 522 (6th Cir. 2013) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Date:   July 21, 2015                           *s/ Michael J. Newman*
                                                Michael J. Newman
                                                United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).