UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

EBONY D. WALKER,

    Plaintiff,

vs.

MEGAN KELLY JOYCE, *et. al.,*

    Defendants.

Case No. 3:15-cv-136

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

### ORDER TO SHOW CAUSE

On April 15, 2015, *pro se* Plaintiff initiated this 42 U.S.C. § 1983 action against Defendants Montgomery County Children Services ("MCCS"), MCCS caseworker Megan Kelly Joyce ("Joyce"), and MCCS supervisor Kathy Hatton ("Hatton") by filing a motion to proceed *in forma pauperis* ("IFP"). Doc. 1. After conducting an initial review pursuant to 28 U.S.C. § 1915(e)(2), the Court ordered the United States Marshal to make service of process under Fed. R. Civ. P. 4(c)(3). Doc. 3. The Court's docket reflects that summonses were returned as "executed" on all three Defendants, indicating that all Defendants were served on May 19, 2015 -- thereby establishing an answer date of June 9, 2015. Doc. 5. On June 15, 2015, recognizing that no Defendant had answered or otherwise defended this case, the Court directed Plaintiff to seek an entry of default (doc. 6), and Plaintiff timely did so (doc. 7).

Upon consideration of Plaintiff's motion for an entry of default, the undersigned questioned whether service at the premises of their alleged employer was proper as to Defendants Joyce and Hatton. Doc. 8 at PageID 40-41; *see Sandoval v. Bluegrass Reg'l Mental Health–Mental Retardation Bd.*, No. 99-5018, 2000 WL 1257040, at *5 (6th Cir. 2000) (finding it is proper for the Court to consider whether there was effective service of process before

making an entry of default).  The undersigned also concluded that service was not proper as to Defendant MCCS and, further, that Plaintiff had not named the proper entity.  Doc. 8 at PageID 41. The undersigned recommended -- and Judge Rice ordered -- that Plaintiff's entry of default be denied.  Docs. 8, 11.  The undersigned also ordered Plaintiff to file an amended complaint on or before August 11, 2015.  Doc. 8.

Plaintiff timely filed an amended complaint, doc. 9 -- *inter alia*, adding Montgomery County, Ohio ("the County") as a defendant -- and, again, directed that summons issue as to Defendants Hatton and Joyce at MCCS, *i.e.,* 3304 North Main Street, Dayton, Ohio 45405. Docs. 9, 10.  The Court, having previously found service at this address improper as to Defendants Joyce and Hatton in their individual capacity, struck the summons directed to Hatton and Joyce.  Doc. 12.  Plaintiff, despite being served with the Court's Order, has not sought reissuance of new summons.

As in effect on August 5, 2015 -- the day Plaintiff filed the amended complaint, doc. 9 -- Fed. R. Civ. P. 4(m) required that defendants in a civil action be "served within 120 days after the complaint is filed[.]"[1]  If a defendant is not served within this 120 period, "the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified period."  Fed. R. Civ. P. 4(m).  While Joyce and Hatton were purportedly served with the original complaint, they have not been served with the amended complaint.  Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE**, in writing and within **FOURTEEN (14) DAYS** of the filing date of this Order, as to

---

[1] Effective December 1, 2015, Fed. R. Civ. P. 4(m) requires that defendants be "served within 90 days after the complaint is filed[.]"

2

why this case should not be dismissed against defendants Joyce and Hatton for failure of service of process.[2]

In addition, on November 16, 2015, the County appeared through counsel and filed a motion to dismiss Plaintiff's complaint. Doc. 14. A memorandum opposing the motion to dismiss was due on or before December 10, 2015. *See* S.D. Ohio Civ. R. 7.2(a)(2); Fed. R. Civ. P. 6. To date, Plaintiff has failed to file a memorandum in opposition to the motion to dismiss. Plaintiff is therefore **ORDERED TO SHOW CAUSE**, in writing and within **FOURTEEN (14) DAYS** of the filing date of this Order, as to why the motion to dismiss should not be granted for the reasons stated therein. Plaintiff is **ADVISED** that his failure to respond satisfactorily to this Order may result in (1) a dismissal of his claims against the County, or (2) a dismissal of this action for failure to prosecute. *See Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962) (district courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution); *Walker v. Dallman*, No. 92-3817, 1993 WL 57381 (6th Cir. Mar. 4, 1993).

**IT IS SO ORDERED.**

Date: January 7, 2016  *s/ Michael J. Newman*
Hon. Michael J. Newman
United States Magistrate Judge

---

[2] While service at an employer's premises can, in some circumstances, be proper under Ohio law, Plaintiff must demonstrate that "the party being served [has] such a habitual, continuous or highly continual and repeated physical presence at the business address that the party ordering the service of process would have reasonable grounds to calculate that the service would promptly reach the party being served." *Bell v. Midwestern Educ. Serv., Inc.*, 624 N.E.2d 196, 202 (Ohio Ct. App. 1993). Plaintiff bears the burden of exercising due diligence in perfecting service of process and in showing that proper service has been made. *See Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996); *Jacobs v. Univ. of Cincinnati*, 189 F.R.D. 510, 511 (S.D. Ohio 1999).