UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

EBONY D. WALKER,

    Plaintiff,

vs.

MEGAN KELLY JOYCE, *et. al.,*

    Defendants.

Case No. 3:15-cv-136

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) MONTGOMERY COUNTY'S UNOPPOSED MOTION TO DISMISS (DOC. 14) BE GRANTED ON THE MERITS; (2) PLAINTIFF'S CLAIMS AGAINST DEFENDANTS JOYCE AND HATTON BE DISMISSED; (3) ALTERNATIVELY, THIS CASE BE DISMISSED FOR PLAINTIFF'S FAILURE TO PROSECUTE; AND (4) THIS CASE BE TERMINATED ON THE COURT'S DOCKET**

---

This is a 42 U.S.C. § 1983 civil rights action filed by *pro se* Plaintiff Ebony D. Walker ("Walker") against three Defendants: Montgomery County, Ohio ("the County"); Montgomery County Children Services ("MCCS") caseworker Megan Kelly Joyce ("Joyce"); and MCCS supervisor Kathy Hatton ("Hatton"). Doc. 9. The facts, as alleged by Walker, concern his minor daughter's treatment by others and tragic death. The case is now before the Court on the County's motion to dismiss. Doc. 14. Walker did not file a memorandum in opposition to the County's motion, and the time for doing so has expired. The Court ordered Walker to show cause as to why the County's motion should not be granted, and he failed to respond as ordered. The Court has carefully considered all of the documents before it, and the County's unopposed motion to dismiss is now ripe for decision.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

This case is also before the Court on an Order directing Walker to show cause as to why this case should not be dismissed against defendants Joyce and Hatton for his failure to timely serve them. Doc. 16. Walker failed to respond to the Show Cause Order.

## I.

In liberally construing Walker's allegations, the undersigned considers both the complaint and amended complaint. Docs. 2, 9. Walker's daughter Ebonie was born on January 16, 2009. Doc. 2 at PageID 22. Ebonie lived with Walker for approximately twenty months (*i.e.*, until approximately September 2010), until he was notified by Joyce that he "would be charged with kidnapping" unless he "turn[ed his] daughter over" to her mother because "babies should be with [their] mothers at that time in their life." *Id.*; doc. 9 at PageID 45. Walker claims that Ebonie was then "force[d] on an unwilling parent" and made "to live in a house where illegal drug[s] and alcohol were being sold." Doc. 9 at PageID 45.

Walker alleges that, while Ebonie was in her mother's custody, she was "abused and neglected"; "often left alone" with her younger sibling for over twenty-four hours; and, on August 11, 2011, badly beaten with an appliance cord. *Id.*; doc. 2 at PageID 23. While in her mother's care, Ebonie tragically died after being struck by a car. Doc. 9 at PageID 45.

Walker contends that Joyce and Hatton -- Joyce's supervisor at MCCS -- knew that Ebonie's mother used drugs, abused alcohol, and had mental disabilities. *Id.* at PageID 45-46. According to Walker, Joyce and Hatton failed to protect Ebonie despite being made aware of the appliance cord injury. *Id.* at PageID 45; doc. 2 at PageID 23. Walker contends that Joyce repeatedly failed to execute a designated safety plan, and neglected to check on Ebonie during her last months. Doc. 9 at PageID 45. Walker also alleges that Joyce forged Hatton's signature on official paperwork, and Hatton never inquired about Ebonie's care. *Id.* at PageID 46.

According to Walker, Joyce and Hatton "kept putting [his] child in harm's way," and Ebonie's death could have been prevented if they had done their jobs. *Id.* at PageID 45-46.

To that end, Walker claims Defendants violated his due process and equal protection rights.[2] *Id.* at PageID 44-46. The County now moves to dismiss Walker's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim and because, the County contends, it is not a proper party to this case. Doc. 14 at PageID 59.

**II.**

A motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Twombly*, 550 U.S. at 555). In determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. A claim is plausible where "plaintiff pleads factual content that allows the court to draw

---

[2] Walker also appears to assert claims against his former attorney George Oryshkewych, and an unnamed county prosecutor -- neither of whom are parties to this case. Doc. 9 at PageID 45. Accordingly, these claims should be dismissed.

3

the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* In addition to well-pleaded allegations in the complaint, the Court may also consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint," as well as documents attached to a defendant's motion to dismiss that are important to the plaintiff's claims or if referred to in the complaint. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (citation omitted); *Composite Tech., L.L.C. v. Inoplast Composites S.A. de C.V.*, 925 F. Supp. 2d 868, 873 (S.D. Ohio 2013).

While *pro se* parties must satisfy basic pleading requirements, *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989), their pleadings must be liberally construed and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). Nevertheless, "even a *pro se* complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Ogle v. Columbia Gas Transmission, LLC*, 513 F. App'x 520, 522 (6th Cir. 2013) (citing *Iqbal*, 556 U.S. at 678).

**III.**

The undersigned agrees that Walker has not named the proper entity as a defendant. Montgomery County is not *sui juris* and therefore lacks the capacity to be sued. *McGuire v. Ameritech Servs., Inc.,* 253 F. Supp. 2d 988, 1015 (S.D. Ohio 2003) (Rice, J.); *Clellan v. Karnes*, No. 2:09-cv-930, 2010 WL 3470534, at *4 (S.D. Ohio Sept. 2, 2010). Instead, under Ohio law, counties "are held accountable through their elected representatives, to wit, their commissioners." *McGuire*, 253 F. Supp. 2d at 1015; *see* Fed. R. Civ. P. 17(b). Because the County is not *sui juris*, Walker's claims against it should be dismissed.

Even if Walker had named the proper party (*i.e.,* the Montgomery County Commissioners), his claims merit dismissal because he fails to state an actionable claim. Section

4

1983 imposes liability on any "person who, under color of any statute, ordinance, regulation, custom or usage, of any State" subjects another to "the deprivation of any rights, privileges, or immunities secured by the Constitution or laws." 42 U.S.C. § 1983. To prevail on a § 1983 claim, a plaintiff must demonstrate: (1) the deprivation of a right secured under the Constitution or federal law; and (2) that the deprivation was caused by a person acting under color of state law. *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 463 (6th Cir. 2006). While governmental entities may be liable for constitutional violations under § 1983, such liability cannot arise from the acts of its officials on a *respondeat superior* theory. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91, 693 (1978). Instead, an official policy or custom must be the "moving force" behind the alleged constitutional deprivation. *See City of Canton v. Harris*, 489 U.S. 378, 389 (1989).

Walker sets forth no factual averments concerning a Montgomery County policy or custom that caused a constitutional violation. *See* doc. 9. In fact, contrary to such a contention, Walker specifically alleges that Joyce and Hatton put Ebonie at risk by violating established protocol. *See* doc. 9 at PageID 45 (Joyce never saw Ebonie "in the last three months of her life" and "was suppose[d] to see her at least once a month"); *see also id.* at PageID 46 ("[t]he defendants were grossly negligent by not following protocol"; "Joyce also falsified her supervisor[']s signature on administrative reviews" instead of Hatton "sign[ing] her own name which is policy"). Walker does not allege widespread unconstitutional conduct amongst MCCS caseworkers, or that such conduct occurred in any case other than Ebonie's. *See* doc. 9; *see also City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (internal citations omitted) (defining "custom or usage"). Therefore, Walker pleads no plausible claims against the County under

*Monell*, and the County's motion should be granted.[3]  *See Nash v. Brown County, Ohio,* No. 1:13-cv-741, 2015 WL 686262, at *5 (S.D. Ohio Feb. 18, 2015) (granting the county's motion to dismiss when "there [was] no mention of a custom, policy or practice of [the county] in the amended complaint and no allegation that a custom, policy or practice played any part in the constitutional violations alleged").

## IV.

The undersigned next addresses Walker's claims against defendants Joyce and Hatton in their individual and official capacities. "An official-capacity claim is equivalent to a claim against the entity that employs the defendants named in their official capacity." *Ledbetter v. Bean*, No. 2:13–cv–00012, 2013 WL 1284324, *3 (M.D. Tenn. Mar. 28, 2013) (citing *Monell*, 436 U.S. at 690 n. 55). Accordingly, a suit against Joyce and Hatton -- employees of MCCS, according to Walker, doc. 9 at PageID 44 -- is a suit against the County. Walker's official capacity claims must, therefore, be dismissed for his failure to state a claim under *Monell*. *See supra*.

Walker's claims against Joyce and Hatton in their individual capacities should also be dismissed because he failed to demonstrate service of process within the 120 day time period

---

[3] Although not argued by the County, it appears that Walker's claims are time barred. In a complaint filed in the Montgomery County, Ohio Court of Common Pleas, Walker -- proceeding with the assistance of counsel -- stated that Ebonie was killed on February 19, 2012. *See* Complaint, *Ebony D. M. Walker v. Quenton D. Walker,* No. 2013 cv 03770 (Montgomery Ct. C.P. June 25, 2013); *see also Amini*, 259 F.3d at 502. Walker's § 1983 civil rights claims are subject to Ohio's two-year statute of limitations applicable to personal injury claims. *See Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989). "The accrual date of a § 1983 action is a question of federal law[,]" which provides that the statute begins to run when "plaintiff[] knew or should have known of the injury which forms the basis of their claims." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Walker's claims accrued, at the latest, on the date of Ebonie's death. Therefore, Walker's complaint, filed April 15, 2015, *i.e.*, over three years after Ebonie's February 19, 2012 death, is untimely.

provided in Fed. R. Civ. P. 4(m).[4]  Walker initiated this case by filing a motion to proceed *in forma pauperis* ("IFP") on April 15, 2015.  Doc. 1.  After conducting an initial review of Walker's complaint pursuant to 28 U.S.C. § 1915(e)(2), the Court ordered the United States Marshal to make service of process under Fed. R. Civ. P. 4(c)(3).  Doc. 3.  The Court's docket reflects that summonses were returned as "executed" as to Defendants Joyce, Hatton, and MCCS, indicating that all Defendants were served on May 19, 2015.  Doc. 5.

Upon consideration of Walker's motion for an entry of default against Defendants, the undersigned found service of process upon Joyce and Hatton at MCCS improper.[5]  Doc. 8 at PageID 40-41; *see Sandoval v. Bluegrass Reg'l Mental Health–Mental Retardation Bd.*, No. 99-5018, 2000 WL 1257040, at *5 (6th Cir. 2000) (finding the Court may consider whether there was effective service of process before making an entry of default).  The undersigned's recommendation in this regard was subsequently adopted by Judge Rice, who denied Walker's application for an entry of default.  Docs. 8, 11.

Walker filed an amended complaint on August 5, 2015 and, again, directed that summonses issue as to Hatton and Joyce at MCCS.  Docs. 9, 10.  The Court, having previously found service at this address improper as to Joyce and Hatton in their individual capacities, struck the summonses directed to them.  Doc. 12.  Walker, despite being served with the Court's Order, has not sought reissuance of new summons as to Joyce and Hatton.  On January 7, 2016 -- *i.e.,* 260 days after Walker's complaint was filed -- the Court ordered him to show cause as to

---

[4] As in effect on April 22, 2015 -- the day Walker filed the complaint, doc. 2 -- Fed. R. Civ. P. 4(m) required that defendants in a civil action be "served within 120 days after the complaint is filed[.]"  Effective December 1, 2015, Fed. R. Civ. P. 4(m) requires that defendants be "served within 90 days after the complaint is filed[.]"  Walker complied with neither the 90-day nor the 120-day deadline.

[5] The undersigned also found that, as to defendant MCCS, Walker had not named the proper entity.  Doc. 8 at PageID 41.  The Court advised Walker-- as it does again here -- that "county agencies are held accountable through the county's elected representatives, *i.e.*, the county commissioners."  *Id.*  Nevertheless, in Walker's amended complaint, he did not name the Commissioners as defendants but, instead, named Montgomery County.  Doc. 9; *see supra.*

7

why his initial and amended complaints should not be dismissed for failure to timely serve Joyce and Hatton. Doc. 16. Walker failed to respond to the Show Cause Order.

Rule 4(m) provides that if a defendant is not served within 120 days of the complaint's filing, "the court -- on motion or on its own after notice to the plaintiff -- *must* dismiss the action without prejudice against that defendant or order that service be made within a specified period." Fed. R. Civ. P. 4(m) (emphasis added). That 120-day period has since been shortened to 90 days. *See supra* note 4. Walker bears the burden of exercising due diligence in perfecting service of process and in showing that proper service has been made. *See Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996); *Jacobs v. Univ. of Cincinnati*, 189 F.R.D. 510, 511 (S.D. Ohio 1999). This has not occurred here.

Under Rule 4, service can be made by: delivering a copy of the summons and complaint to the individual personally; leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; delivering a copy of each to an agent authorized by appointment or law to receive service of process; or otherwise in accordance with Ohio law. Fed. R. Civ. P. 4(e). While service at an employer's premises can, in some circumstances, be proper under Ohio law, Walker must demonstrate that "the party being served [has] such a habitual, continuous or highly continual and repeated physical presence at the business address that the party ordering the service of process would have reasonable grounds to calculate that the service would promptly reach the party being served." *Bell v. Midwestern Educ. Serv., Inc.*, 624 N.E.2d 196, 202 (Ohio Ct. App. 1993). Walker has not done so.

Because Walker has not shown that Joyce or Hatton were properly and timely served -- or that good cause exists for his failure to serve those defendants within the time required by Rule 4(m) -- the undersigned recommends that his claims against Joyce and Hatton in their individual capacities be dismissed. *See Sandoval*, 2000 WL 1257040, at *3-5 (finding that the

district court did not abuse its discretion in dismissing the complaint of a *pro se* plaintiff who, after being advised that her attempt to serve the complaint was not effective, failed to either effect service on the defendant or show good cause for the failure to timely do so).

**V.**

In the alternative to all of the foregoing, the undersigned also finds that Walker -- by failing to oppose the County's motion to dismiss, and by failing to respond to the Court's Order to Show Cause (doc. 16) -- has failed to prosecute this action. Walker's failure to respond to the County's motion to dismiss and/or the Court's Order to Show Cause justifies dismissal of this case for his lack of prosecution. *See Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962); *see also Jourdan v. Jabe*, 951 F.2d 108, 109-110 (6th Cir. 1991). Although Walker is proceeding *pro se* in this case, the Court is mindful that "procedural rules in ordinary civil litigation should [not] be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993). Accordingly, the undersigned finds that dismissal is warranted on lack-of-prosecution grounds.

**VI.**

Accordingly, based on the foregoing, the undersigned **RECOMMENDS** that (1) Montgomery County's unopposed motion to dismiss (doc. 14) be **GRANTED** on the merits; (2) Plaintiff's claims against defendants Joyce and Hatton be **DISMISSED**; (3) alternatively, this case be **DISMISSED** for Plaintiff's failure to prosecute; and (4) this case be **TERMINATED** on the Court's docket. The Clerk is **ORDERED** to mail a copy of this Report and Recommendation to Plaintiff at his address of record.

Date: March 3, 2016

*s/ Michael J. Newman*
Michael J. Newman
United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).