UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

EBONY D. WALKER,

    Plaintiff,

vs.

MEGAN KELLY JOYCE, *et. al.,*

    Defendants.

Case No. 3:15-cv-136

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**ORDER AND ENTRY: (1) DENYING *PRO SE* PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT (DOC. 24); (2) DENYING *PRO SE* PLAINTIFF'S MOTION FOR A PROCESS SERVER AS MOOT (DOC. 25); AND (3) GRANTING PLAINTIFF LEAVE, *NUNC PRO TUNC*, TO FILE HIS OBJECTION (DOC. 23 TO THE COURT'S MARCH 4, 2016 REPORT AND RECOMMENDATION**

---

This civil case is before the Court on *pro se* Plaintiff's motion for leave to file a second amended complaint (doc. 24) and his motion for a personal process server (doc. 25). Defendants have not responded to these motions and the time for doing so has expired.[1] The undersigned has carefully reviewed *pro se* Plaintiff's motions, and they are now ripe.

**I.**

In his motion for leave, *pro se* Plaintiff seeks to file a second amended complaint to purportedly: (1) respond to the deficiencies alleged in the County's motion to dismiss; and (2) add claims against two additional parties -- an attorney who previously represented him in a similar civil action in the Montgomery County, Ohio Court of Common Pleas; and an assistant Montgomery County prosecutor who defended that civil case. Doc. 24.

---

[1] The Court notes that the undersigned, on March 4, 2016, recommended that all claims be dismissed and this case terminated on the Court's docket. Doc. 17. *Pro se* Plaintiff thereafter filed a memorandum in opposition to Defendant's motion to dismiss, which the Court construes as an objection to the pending Report and Recommendation. Insofar as *pro se* Plaintiff's objection (doc. 23) may be untimely, the undersigned **GRANTS** Plaintiff leave, *nunc pro tunc*, to file the objection out of time.

Rule 15 provides, "a party may amend its pleadings with the opposing party's written consent or the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision to grant or deny leave to amend lies within the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "A court need not grant leave to amend, however, where amendment would be 'futile.'" *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 (6th Cir. 2005) (quoting *Foman*, 371 U.S. at 182)). Courts find futility "when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Id*. Thus, courts may deny leave to amend when a proposed amendment fails to "state a claim upon which relief can be granted."[2] *See* Fed. R. Civ. P. 12(b)(6).

The undersigned finds the proposed amendments futile. First, with regard to the County's motion to dismiss, Plaintiff seeks to name Montgomery County Job and Family Services Division ("JFS") in place of the County. Doc. 24-1 at PageID 90. However, as the Court has previously stated, "under Ohio law, county agencies are held accountable through the county's elected representatives, *i.e.*, the county commissioners." Doc. 8 at PageID 41 (citing *McGuire v. Ameritech Servs., Inc.,* 253 F. Supp. 2d 988, 1015 (S.D. Ohio 2003); *see* doc. 11; *see also* doc. 17 at PageID 75. Naming JFS as a defendant does not cure the deficiency alleged in

---

[2] To state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" -- that is where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.* at 679 (citing Fed. R. Civ. P. 8(a)(2)). While *pro se* parties must satisfy basic pleading requirements, *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989), their pleadings must be liberally construed and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). Nevertheless, "even a *pro se* complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Ogle v. Columbia Gas Transmission, LLC*, 513 F. App'x 520, 522 (6th Cir. 2013) (citing *Iqbal*, 556 U.S. at 678).

the County's motion to dismiss. Doc. 14 at PageID 60. Furthermore, Plaintiff's second amended complaint mirrors the allegations against the County in the amended complaint -- *compare* doc. 24-1 at PageID 91-92 *with* doc. 9 at PageID 44-46 -- and consequently lacks any "factual averments concerning a [County] policy or custom that caused a constitutional violation." Doc. 17 at PageID 73. Thus, Plaintiff fails to state a plausible claim under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91, 693 (1978).

Second, with regard to the claims against the two attorneys, Plaintiff -- liberally construing his allegations -- asserts a civil conspiracy claim pursuant to 42 U.S.C. § 1983.[3] A civil conspiracy under § 1983 is "an agreement between two or more persons to injure another by unlawful action." *Revis v. Meldrum*, 489 F.3d 273, 290 (6th Cir. 2007). To prevail on a § 1983[4] civil conspiracy claim, Plaintiff must show: (1) a "single plan" existed; (2) defendants "shared in the general conspiratorial objective" to deprive him of his constitutional (or federal statutory)

---

[3] Walker's proposed second amended complaint makes no mention of a conspiracy claim under 42 U.S.C. § 1985. Assuming, *arguendo*, that Walker seeks to assert such a claim, he nevertheless fails to plead sufficient factual content to sufficiently state a claim in that regard. No claim under § 1985(1) is stated because the second proposed amended complaint sets forth no allegation regarding any conspiracy to prevent an officer from performing his or her duties. *See Moniz v. Cox*, 512 F. App'x 495, 500 n.2 (6th Cir. 2013). Similarly, Walker fails to sufficiently state a claim under the first clause of § 1985(2) because there are no allegations of witness intimidation. The second clause of § 1985(2) "prohibits conspiracies to interfere with due process in state courts with the intent to deprive persons of their equal protection rights." *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 376 (6th Cir. 2006). To maintain a claim under the second clause of § 1985(2) or § 1985(3), Walker must allege "both membership in a protected class and discrimination on account of it" -- which he does not. *Smithers ex rel. Norris v. City of Flint*, 602 F.3d 758, 766 (6th Cir. 2010) (citation omitted). Accordingly, the Court construes Walker's conspiracy claims as claims appropriately alleged under § 1983.

[4] To state a cause of action under § 1983, a plaintiff must allege the deprivation of a right secured by the United States Constitution or federal statute by a person acting under color of state law. *Spadafore v. Gardner*, 330 F.3d 849, 852 (6th Cir. 2003) (citation omitted). A plaintiff may not proceed under § 1983 against a private party. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003). If, however, private persons -- such as Plaintiff's former attorney -- act jointly with state officials to carry out a prohibited action, such persons act under the color of law for purposes of § 1983. *Id.* A private party may be a considered a state actor under § 1983 if: (1) "the deprivation complained of was 'caused by the exercise of some right or privilege created by the State;'" and (2) "the offending party 'acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.'" *Id*. at 590–91. The undersigned assumes, for the purposes of this civil conspiracy analysis only, that Plaintiff's former attorney can be considered a state actor under § 1983.

rights; and (3) "an overt act was committed in furtherance of the conspiracy that caused [him] injury." *Hooks v. Hooks*, 771 F.2d 935, 944 (6th Cir. 1985). "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003) (citation omitted).

Here, *pro se* Plaintiff's conclusory allegations are insufficient to state such a § 1983 conspiracy claim, *i.e.*, he alleges no facts "as to when, how, or where the individual defendants reached an agreement or shared plan, or how they engaged in any joint action, to violate [his] civil rights." *Allen v. Clark*, No. 1:13-cv-326, 2014 WL 3016075, at *8 (S.D. Ohio July 3, 2014) (granting a motion to dismiss when the plaintiffs failed to allege any facts regarding a plan to violate their constitutional rights). Instead, viewing the proposed second amended complaint in the light most favorable to *pro se* Plaintiff, his non-conclusory allegations concern only allegations of alleged misconduct by his former attorney. Doc. 24-1 at PageID 91. These allegations -- although perhaps supportive of state tort causes of action -- fail to state any cognizable constitutional injury.[5]

Accordingly, finding both of Plaintiff's proposed amendments futile, the undersigned **DENIES** Plaintiff's motion for leave to file a second amended complaint (doc. 24).

## II.

*Pro se* Plaintiff also moves the Court to appoint a personal process server to serve his second amended complaint. Doc. 25. Having denied *pro se* Plaintiff's motion for leave to file a second amended complaint, the undersigned **DENIES** this motion (doc. 25) **AS MOOT**.

---

[5] To the extent that Walker attempts to plead a state-law legal malpractice claim arising from his former attorney's representation in a case dismissed on or about April 22, 2014, the Court notes that such a claim: (1) is not actionable under § 1983, *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); and (2) would be barred by the applicable one-year statute of limitations. *See* Ohio Rev. Code § 2305.11(A); *see also* Fed. R. Civ. P. 15(c).

## III.

For the foregoing reasons, the undersigned **DENIES** Plaintiff's motion for leave to file a second amended complaint. Doc. 24. The Court also **DENIES AS MOOT** *pro se* Plaintiff's motion to appoint a process server.

**IT IS SO ORDERED.**

Date:  July 8, 2016    *s/ Michael J. Newman*
                        Michael J. Newman
                        United States Magistrate Judge